IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE,<br>　　　　*Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCE CENTER AT HOUSTON, | § | |
| UNIVERSITY OF TEXAS BOARD OF | § | |
| REGENTS, MARGARET MCNEESE, in | § | Civil Action No. 4:21-cv-01439 |
| her individual and official capacity, DEANA | § | |
| MOYLON, in her individual and official | § | |
| capacity, SHEELA LAHOTI, in her | § | |
| individual and official capacity, and DANA | § | |
| MCDOWELLE, in her individual and official | § | |
| capacity | § | |
| 　　　　*Defendants.* | § | |

## DEFENDANT THE UNIVERSITY OF TEXAS BOARD OF REGENTS' MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

Plaintiff is a recent graduate of The University of Texas Health Science Center at Houston (UTHealth) McGovern Medical School. He has a dispute with UTHealth arising out of its investigation of allegations that he brandished a gun and waved it at his then-girlfriend and fellow student. In a Rambo-style Complaint, he sued everyone he could imagine, including Defendant The University of Texas Board of Regents (the Board). But, put simply, the Board is an improper defendant. This motion seeks dismissal of the Board of Regents.

Plaintiff's lawsuit stems from the results of a Title IX investigation. During the investigation, the Plaintiff was placed on interim leave but was later permitted to resume his program. Although able to graduate in Spring 2021, the Plaintiff  requested a delayed graduation so he could gain additional experience for residency applications.  His request was denied. ECF 1 ¶¶ 1, 9. Plaintiff's counts are (1) violation of Title IX Erroneous Outcome against Defendant UTHealth; (2) violation of Title IX Selective Enforcement against Defendant UTHealth; and (3) 42 U.S.C. § 1983 denial of Fourteenth

Amendment Procedural Due Process against all Defendants. *Id.* at ¶¶ 185–238. Therefore, the only cause of action asserted against the Board is for the alleged violation of 42 U.S.C. § 1983.

## I.    BACKGROUND

The Board is an independent governing body "given the duty and authority to provide for the maintenance, support, and direction" over The University of Texas System (UT System). Rule 10101: Board Authority and Duties, https://www.utsystem.edu/board-of-regents/rules/10101-board-authority-and-duties; Board of Regents, https://www.utsystem.edu/offices/board-regents (last visited May 20, 2021). The Board is made up of nine members, appointed by the Governor and confirmed by the Senate. *Id.* Eight universities and six health institutions are part of the UT System, including UTHealth.

It is undisputed that Plaintiff is a recent graduate of the McGovern Medical School at UTHealth. After an incident on February 14, 2020 where Plaintiff held and waived a gun at a former girlfriend, Jane Roe, Plaintiff was found responsible for dating violence in violation of the University's Sexual Misconduct Policy. ECF 1 ¶ 64. Plaintiff was suspended during the pendency of the investigation, but UTHealth subsequently allowed Plaintiff to return to school provided he attended regular psychotherapy sessions and avoided contact with Roe. ECF 1 ¶ 8. Plaintiff did not pursue a hearing when he agreed to the terms of readmission at UTHealth. *Id.* ¶¶ 110–11, 113, 118.

When Plaintiff was informed that the incident would be noted as a professionalism concern in connection with the Medical Student Performance Evaluation, or MSPE (the "Dean's Letter"), and shared with potential residency employers participating in the National Match Program, he employed lawyers in an attempt to reverse the outcome of the investigation without a hearing and foreclose UTHealth from meeting its contractual and ethical duty to disclose professionalism issues with its students.

Because UTHealth believed Plaintiff did not wish to pursue a hearing in connection with the terms of readmission to the medical school, a hearing was not held at that time. *Id.* ¶¶ 110–11, 113, 118; Exhibit A, Decl. of Margaret McNeese, M.D.; Exhibit A-3, Letter of April 22, 2021.[1] Prior to filing his suit, Plaintiff was given the opportunity to revisit the investigation finding if he still wished to challenge the outcome. Ex. A-3. Instead of accepting this offer and pursuing a hearing with the medical school, he brought this suit.

Based on the above-described events, Plaintiff sues The University of Texas Board of Regents, alleging a violation of his right to procedural due process. ECF 1 ¶¶ 216–38 Plaintiff claims that the notation added to his MSPE and the probability that he will have to discuss the dating violence investigation to explain the notations will likely preclude him from matching with a competitive residency program of his choice and contends that Defendants' actions violated the law. ECF 1 ¶¶ 11–12. Defendant The University of Texas Board of Regents asks the Court to dismiss the claims against it.

## II.   MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### A.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When the court lacks the statutory or constitutional power to adjudicate a case, the case must be properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161

---

[1] All exhibits attached to this Motion to Dismiss are offered only in support of Defendants' "factual attack" under Rule 12(b)(1) and are not intended to support any argument under the Rule 12(b)(6) portion of this Motion, which challenges Plaintiff's claims solely on the face of the Complaint. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citing *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891–92 (3d Cir. 1977)) ("A 'factual attack,' . . . challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.").

(5th Cir. 2001). Therefore, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* Under a Rule 12(b)(1) jurisdictional challenge, the Court may consider any of the following: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Robinson v. TCI/US West Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).

B.   **ARGUMENTS & AUTHORITIES**

1.   **Plaintiff lacks standing to sue the Board (Count 3).**

"[S]tanding is perhaps the most important of the jurisdictional doctrines." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (internal quotation omitted). To establish standing, a plaintiff must show: (1) an actual or imminent, concrete and particularized "injury-in-fact"; (2) that is fairly traceable to the challenged action of the defendant; and (3) is likely to be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). All three elements are "an indispensable part of the plaintiff's case" and the party seeking to invoke federal jurisdiction bears the burden to establish them. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). For an injury to be fairly traceable to the action of the defendant, "there must be a causal connection between the injury and the conduct complained of." *Id.* at 560. Here, Plaintiff has not shown standing to sue the Board as he has not alleged an injury fairly traceable to an action by the Board.

The Board oversees the UT System, but the Board is synonymous with neither the UT System nor its component institutions such as UTHealth. *See* Tex. Educ. Code § 65.11 ("The government of the university system is vested in a board of nine regents appointed by the governor with the advice and consent of the senate."); *id.* at § 73.001 ("The University of Texas at Houston is composed of the following component institutions under the management and control of the board of regents of The University of Texas System: . . . (5) The University of Texas School of Public Health at Houston."). Plaintiff's pleadings allege no conduct by the Board, nor any resulting injury, that are fairly traceable

to the Board. The existence of the Board as a managerial entity over the UT System and the University of Texas School of Public Health at Houston does not make the Board legally responsible for all actions taken by individual officials at those components. *See Lujan*, 504 U.S. at 566. Plaintiff has failed to assert the required causal connection between conduct by the Board and any alleged injury suffered. Therefore, Plaintiff has not met his burden to invoke this Court's jurisdiction over any claim asserted against the Board and all claims brought against the Board should be dismissed.

## 2. The Board is entitled to sovereign immunity from Plaintiff's claims under 42 U.S.C. § 1983 (Count 3).

Even if Plaintiff had standing to bring suit against the Board, the Complaint fails to overcome the Board's sovereign immunity from suit.[2] Sovereign immunity "forbids suits in federal court by private parties against a state, state agency, or department unless the state expressly consents to such suit." *Olivier v. Univ. of Tex. Sys.*, 988 F.2d 1209, 1993 WL 81990, at *1 (5th Cir. 1993) (per curiam); *see also Doe v. Harrell*, 841 F. App'x 663, 668 (5th Cir. 2021) ("The Board itself is immune from *all* Doe's claims"). Sovereign immunity bars suits in federal court against a state or one of its agencies, regardless of the relief requested, by anyone other than the federal government or another state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State's sovereign immunity extends to arms or agencies of the State. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). As the "Board of Regents is an agency of the State of Texas," the State's sovereign immunity necessarily applies to the Board. *Olivier*, 988 F.2d 1209, at *1. Absent a valid waiver by the Texas Legislature or Congressional abrogation, the Board is entitled to sovereign immunity and neither applies to claims brought under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Here, Plaintiff's claims

---

[2] "By its terms, the [Eleventh] Amendment does not apply. . . where a citizen sues his own State (or an agency of that State)." *Sullivan v. Texas A&M Univ. Sys.*, 986 F.3d 593, 596 n.1 (5th Cir. 2021). "Still, the Supreme Court has often used 'Eleventh Amendment immunity' as a synonym for the States' broader constitutional sovereign immunity." *Id.* "The phrase [Eleventh Amendment immunity] is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Alden v. Maine*, 527 U.S. 706, 713 (1999). As such, this motion shall consistently refer to the State's immunity as "sovereign immunity" and will internally alter quoted material to follow this convention.

against the Board are barred by sovereign immunity and the Complaint asserts no other valid abrogation or waiver of this immunity. *See id.* Thus, the Court lacks subject-matter jurisdiction over Plaintiff's claims against the Board.

### 3. The Board is not a person under 42 U.S.C. § 1983 (Count 3).

The Court may also dismiss Plaintiff's claim against the Board because it is not a "person" under 42 U.S.C. § 1983. Section 1983 renders certain "persons" liable for deprivations of constitutional rights, but "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989). The question of whether the defendant is a "person" under 42 U.S.C. § 1983 is a jurisdictional inquiry. *City of Kenosha, Wis. v. Bruno*, 412 U.S. 507, 511–14 (1973); *Muzquiz v. City of San Antonio*, 520 F.2d 993, 996 (5th Cir. 1975). Here, Plaintiff's claims against the Board must be dismissed because the Board "is not a 'person' capable of being sued under 42 U.S.C. § 1983." *See Beleno v. Lakey*, 306 F. Supp. 3d 930, 939–40 (W.D. Tex. 2009); *see also Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865–66 (9th Cir. 2016). For this additional reason, the Court lacks subject matter jurisdiction under Section 1983 over Plaintiff's claims against the Board.

### III.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

#### A.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While courts must accept all factual allegations as true, they "do not accept as true conclusory allegations, unwarranted

factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679.

**B.    ARGUMENTS & AUTHORITIES**

Should this Court determine it has subject-matter jurisdiction over Plaintiff's denial of due process claim as to the Board, it should be dismissed for failure to state a claim for which relief may be granted (Count 3). "[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant." *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). "In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Pronunier*, 801 F.2d 789, 793 (5th Cir. 1986). Here, Plaintiff has not stated a claim against the Board because he has not stated facts that plausibly alleged that *the Board of Regents* violated Plaintiff's right to due process.

Plaintiff's sole allegation regarding the Board is that it is "is the governing body for The University of Texas System," and nothing in Plaintiff's Complaint creates the reasonable inference that the Board's personal involvement in the underlying events caused a due process violation. *See generally* ECF 1 ¶ 21. The Complaint contains no statement of plausible facts allowing for a reasonable inference that the Board is liable for a deprivation of Plaintiff's due process rights under color of state law. *See* 42 U.S.C. § 1983; *Iqbal*, 556 U.S. at 678; *see also James v. Collin County, Tex.*, 535 F.3d 365, 373 (5th Cir. 2008) ("A plaintiff must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation" and a "supervisor is not personally liable for his subordinate's actions in which he had no involvement.") (citing *Anderson v. Pasadena Indep. Sch. Dist.*, 187 F.3d 439, 443 (5th Cir. 1999)). For the same reasons that Plaintiff has not established this Court's subject-matter jurisdiction over denial of due process claim, Plaintiff has not stated a claim upon which relief can be granted. *See supra*, 2–5. Should this Court determine that

it has subject-matter jurisdiction to do so, the Court should dismiss the denial of due process action for failure to state a claim.

## IV.   PRAYER

For all the above reasons, the Board respectfully ask the Court to grant its motion to dismiss for lack of subject-matter jurisdiction and motion to dismiss for failure to state a claim upon which relief can be granted.

Date: July 6, 2021

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division

/s/   *Cory A. Scanlon*
CORY A. SCANLON
Attorney-in-Charge
State Bar No. 24104599
Southern District No. 3504922
BENJAMIN DOWER
State Bar No. 24087397
Southern District No. 3071131
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone (512) 463-2120
Facsimile: (512) 320-0667
cory.scanlon@oag.texas.gov
benjamin.dower@oag.texas.gov

## CERTIFICATE OF FILING AND SERVICE

On July 6, 2021, the undersigned attorney filed the foregoing document with the Clerk of the Court for the Southern District of Texas and served a true and correct copy of the foregoing to all counsel of record in compliance with the Federal Rules of Civil Procedure.

Andrew T. Miltenberg, Esq.
Tara J. Davis, Esq.
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
tdavis@nmllplaw.com

Amir Halevy, Esq.
Southern District No. ___
JORDAN, LYNCH & CANCIENNE PLLC
1980 Post Oak Blvd, Suite 2300
Houston, Texas 77056
(713) 955-4021 (direct line)
(713) 955-9644 (facsimile)
ahalevy@jlcfirm.com

COUNSEL FOR PLAINTIFF

*/s/ Cory A. Scanlon*
CORY A. SCANLON
Assistant Attorney General