IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE,<br> *Plaintiff,*<br><br>v.<br><br>UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON, UNIVERSITY OF TEXAS BOARD OF REGENTS, MARGARET MCNEESE, in her individual and official capacity, DEANA MOYLON, in her individual and official capacity, SHEELA LAHOTI, in her individual and official capacity, and DANA MCDOWELLE, in her individual and official capacity<br><br> *Defendants.* | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:19-CV-00415-LY |

## DECLARATION OF MARGARET MCNEESE, MD

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

  My name is Margaret McNeese, MD.  I am of sound mind, over the age of eighteen years, have never been convicted of a felony or crime involving moral turpitude, have personal knowledge of the matters contained in this Declaration, and I am in all ways competent to testify on the matters stated herein.

1. I am the Vice Dean of Admissions and Student Affairs for McGovern Medical School at The University of Texas Health Science Center at Houston ("UTHealth").  In my role as Vice Dean, I serve as the Dean's designee for student conduct and discipline matters at McGovern Medical School. I am also the Title IX Coordinator for UTHealth.

2. On April 16, 2020, I received a referral from Deana Moylan, Associate Vice President, Diversity & Equal Opportunity and Deputy Title IX Coordinator, stating that, after investigation, she had determined that Plaintiff, a student at McGovern Medical School, had violated UTHealth's Handbook of Operating Procedure (HOOP) Policy 59, Sexual Misconduct, in connection with an incident in February 2020.

3. As the Dean's designee for student conduct and discipline matters at McGovern Medical School, my office was responsible for determining the appropriate discipline, if any, for Plaintiff's policy violation.  In order to make this determination, I requested that Plaintiff undergo an

administrative psychiatric consultation, including a forensic psychiatric evaluation and a full-scale psychometric evaluation.

4.     After receipt of the results from the psychological evaluation, I determined that Plaintiff could continue in his academic program, subject to certain conditions. These conditions were presented to Plaintiff in a letter on August 5, 2020. Plaintiff signed and returned the letter agreeing to the conditions on August 6, 2020.

5.     According to HOOP Policy 59 and 186 at the time (attached as Exhibits A-1 and A-2), the determination of a policy violation and the appropriate sanction, if any, are preliminary and subject to review by a hearing officer, if a hearing is appropriate under the policies. At no time did Plaintiff advise me or my office that he wanted to have a hearing regarding the finding that he violated HOOP 59 pursuant to UTHealth's student conduct and discipline policy, HOOP Policy 186. Based on his acceptance of the terms of the August 5, 2020, letter, I believed that Plaintiff did not want a hearing. I only learned later, based on statements of Plaintiff's attorneys, that Plaintiff believed that he was entitled to a hearing to challenge the underlying finding of a policy violation.

6.     Accordingly, on April 22, 2021, I sent a letter to Plaintiff offering him a hearing pursuant to HOOP 59 and HOOP 186 to challenge the underlying policy violation determination. A true and correct copy of this letter is attached as Exhibit A-3. To date, Plaintiff has not responded to this offer.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on July 1, 2021

_____
MARGARET MCNEESE, MD