IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE,<br>    *Plaintiff,*<br><br>v.<br><br>UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON, UNIVERSITY OF TEXAS BOARD OF REGENTS, MARGARET MCNEESE, in her individual and official capacity, DEANA MOYLON, in her individual and official capacity, SHEELA LAHOTI, in her individual and official capacity, and DANA MCDOWELLE, in her individual and official capacity<br><br>    *Defendants.* | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:19-CV-00415-LY |

## DECLARATION OF DEANA MOYLAN

STATE OF TEXAS      §
                    §
COUNTY OF HARRIS    §

    My name is Deana Moylan. I am of sound mind, over the age of eighteen years, have never been convicted of a felony or crime involving moral turpitude, have personal knowledge of the matters contained in this Declaration, and I am in all ways competent to testify on the matters stated herein.

1.     I am the Associate Vice President of Diversity and Equal Opportunity at The University of Texas Health Science Center at Houston ("UTHealth"). I am also the Deputy Title IX Coordinator for UTHealth. My office is responsible for conducting investigations in Title IX cases.

2.     On February 16, 2020, the University of Texas Police Department notified the Title IX Office of a report made by a female complainant alleging that Plaintiff, with whom she had a romantic relationship, had threatened to physically harm himself and then to physically harm complainant by use of a firearm while exhibiting a firearm.

3.     My office launched an investigation into this allegation. The investigation included interviews with the Plaintiff, the complainant and other witnesses. On March 24, 2020, an investigation summary was issued to me in my role as the Deputy Title IX Coordinator. A true and correct copy of the investigation summary is attached as Exhibit B-1.

4.      According to UTHealth's Handbook of Operating Procedure (HOOP) Policy 59, Sexual Misconduct as it existed at the time, the Title IX Coordinator was required to review the investigation summary and issue a determination on a policy violation, determine that the results were inconclusive, or require further investigation. The Title IX Coordinator at the time of the alleged incident was Dr. Margaret McNeese. However, due to her role as the Vice Dean of Admissions and Student Affairs at McGovern Medical School, where Plaintiff was a student, Dr. McNeese recused herself from the role of making this determination.

5.      Therefore, in my role as Deputy Title IX Coordinator, I reviewed the investigation summary and issued a determination on April 15, 2021, that Plaintiff had violated HOOP Policy #59. A true and correct copy of my determination letter is attached as Exhibit B-2. I then sent a referral to Dr. McNeese on April 16, 2021, so that, in her role as Vice Dean, she could determine the appropriate discipline, if any, for Plaintiff in accordance with university policy.

I declare under penalty of perjury that the foregoing is true and correct.
EXECUTED on July 1, 2021

_____
DEANA MOYLAN