IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN DOE,<br>　　*Plaintiff,*<br><br>v.<br><br>UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON, UNIVERSITY OF TEXAS BOARD OF REGENTS, MARGARET MCNEESE, in her individual and official capacity, DEANA MOYLAN, in her individual and official capacity, SHEELA LAHOTI, in her individual and official capacity, and DANA MCDOWELLE, in her individual and official capacity,<br>　　*Defendants.* | Civil Action No. 4:21-cv-01439 |

## DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY

Defendants, The University of Texas Health Science Center at Houston (UTHealth), Margaret McNeese, M.D., Deana Moylan, Sheela Lahoti, M.D., and Dana McDowelle, PhD, in both their individual and official capacities (the Administrators), respectfully file this Motion to Stay Discovery in light of the threshold question of subject-matter jurisdiction and qualified immunity posed by Defendants in their Motion to Dismiss—ECF 20. Plaintiff, Dr. John Doe, sued Defendants under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., 42 U.S.C. § 1983, and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, but all of these claims are subject to dismissal as stated in Defendants' Motion to Dismiss. Defendants respectfully assert that present circumstances warrant a stay and would show as follows:

### I. INTRODUCTION

1.  On July 6, 2021, Defendants filed their Motion to Dismiss under Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6). As a state entity, and state employees sued in their official capacities, Defendants assert sovereign immunity to suit under the Eleventh Amendment. *See* ECF 20 at pp. 7–8. Defendant Administrators also asserted the defense of qualified immunity from suit. *Id.* at pp. 23–25.

2. Because Defendants have asserted sovereign and qualified immunities from suit, and since claims barred by sovereign immunity are not within the subject matter jurisdiction of this Court, it would be an abuse of discretion for the Court to allow discovery against them prior to ruling on their dispositive motion. For these reasons, which are explained in more depth below, the Court should stay all discovery in this case pending a ruling on Defendants' motion to dismiss.

3. Defendants also respectfully ask the Court to stay proceedings before it rules on whether Plaintiff's claims are ripe, and therefore justiciable, before requiring the parties to conduct further discovery.

4. To date, the parties have conducted limited written discovery in furtherance of meeting this Court's deadlines under the current scheduling order. However, given the significant expense further written discovery and the disruption to Defendants' responsibilities posed both by preparing for and attending live deposition, Defendants seek relief from further discovery pending a ruling on their Motion to Dismiss.

## II. MOTION TO STAY

5. Pursuant to Fed. R. Civ. P. 26(c), Defendants request that this Court stay all discovery in this lawsuit pending the resolution of threshold issues of immunity and jurisdiction. The law does not allow Defendants to be forced into the discovery process when Plaintiff cannot establish the subject-matter jurisdiction of this Court by overcoming sovereign immunity.

**A.      Legal Standard**

6. "A trial court has broad discretion and inherent power to stay discovery until

preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir.1987). A district court properly exercises this discretion to stay discovery upon a showing of good cause. Fed. R. Civ. P. 26(c). Good cause exists when the party from whom discovery is sought shows that it would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay. *Von Drake v. National Broadcasting Co.,* No. 3:04-CV-0652-R, 2004 WL 1144142 at *1 (N.D. Tex. May 20, 2004) (Kaplan, J.) (*citing* Fed. R. Civ. P. 26(c)). Some of the factors informing the court's discretion are: "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Id.* (*citing Spencer Trask Software and Information Services, LLC v. RPost International Limited*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (citations omitted)).

**B.     Stay of discovery is proper.**

7.     Defendants' sovereign and qualified immunities, the absence of a ripe claim, and Plaintiff's failure to state a claim, urge a stay of discovery in order to avoid needless, burdensome distractions for Defendants from their duties to ensure the competent training of Texas's health professionals. Here, the disposition of Defendants' motion to dismiss would preclude the need for discovery given Defendants' immunity and Plaintiff's failure to state a claim. Furthermore, even if the Court allows some claims to survive Defendants' motion to dismiss, discovery should not ensue prior to resolving the proper scope, which would be dependent on establishing which claims remain.

8.     The defense of qualified immunity provides immunity from suit, not merely from liability. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662– 63 (1974); *see also Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The burden of enduring suit, or even the discovery process, on officials who have a probable entitlement to immunity is very high as a matter of law. *See Mitchell*, 472 U.S. at 525–26 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982)) ("even such pretrial matters as discovery

are to be avoided if possible, as '[i]nquiries of this kind can be peculiarly disruptive of effective government'").

9. The Supreme Court has noted the importance of such protection of government time and witnesses in the context of qualified immunity. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)) ("The basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'"). In considering the Court's discretion to stay discovery, "the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense" and "must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *See Crawford El v. Britton*, 523 U.S. 574, 597–98 (1998); *see also Iqbal*, 556 U.S. at 685; *Mitchell*, 472 U.S. at 526.

10. Stays of discovery pending review of immunity questions are proper. *E.g., Williamson v. U.S. Dep't of Agriculture*, 815 F.2d 368, 382–83 (5th Cir.1987); *Petrus v. Bowen*, 833 F.3d 581, 583 (5th Cir. 1987). Indeed, engaging in discovery on the merits is not necessary, nor is it proper, prior to a ruling on immunity from suit. *See, e.g.*, *Zapata v. Melson*, 750 F.3d 481, 484–85 (5th Cir. 2014) (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)) ("One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive.") (internal quotation marks omitted). In *Petrus*, the plaintiff filed suit against defendants who responded with a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6). In affirming the trial court's decision to stay discovery until the motion to dismiss was ruled upon, the Fifth Circuit said:

> Nothing that Petrus could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion. We hold that the district court properly deferred discovery while deciding whether the defendants were proper parties to the action.

*Petrus*, 833 F.2d at 581.

11. Defendants should not be called to defend claims in litigation including discovery where the Court lacks subject-matter jurisdiction over the claims against it or the claims would be subject to a qualified-immunity defense. Defendants must be able perform their duties to the public as state officials. Discovery in this case would unduly burden Defendants by forcing them to endure needless discovery prior to the resolution of threshold immunity issues that have been raised. Defendants have demonstrated to this Court that Defendants are immune from Plaintiff's suit. ECF 20 at pp. 7–11, 23–25. As such, Defendants assert the right to avoid the burden of discovery.

12. In the event that the Court does not stay the proceedings in this case based on the reasoning *supra*, analysis of additional factors favors staying the case. Considerations involving the prejudice to the non-moving parties, the burden on Defendants, the general public's interest, and the convenience of the Court all weigh in favor of staying discovery.

13. With respect to the merits of Plaintiff's claims, there is no prejudice to Plaintiff if the requested stay is granted. As with the *Petrus* case, allowing Plaintiff to conduct discovery will not provide Plaintiff with any response, as a matter of law, to immunities of the Defendants. Nor will discovery countermand the doctrines depriving the Court of subject matter jurisdiction or cure Plaintiff's failure to establish standing and plead legally cognizable claims against Defendants.

14. Conversely, the burden on Defendants of proceeding with discovery is considerable. Defendant Administrators' entitlement to immunity from Plaintiff's lawsuit is forfeited if they are not free to perform the duties of their office and must instead respond to the burdens of litigation. *See Mitchell*, 472 U.S. at 525–26; *Zapata*, 750 F.3d at 484–85. Discovery in this case would unduly burden the Defendants by forcing them to endure needless discovery prior to the resolution of the threshold immunity issues they timely raised. These burdens substantially disrupt the Administrators' duties of overseeing the medical education of hundreds of students attending UTHealth and should not be imposed lightly.

15. Considering the defects of the action Plaintiff seeks to bring, there is no harm to non-parties if the Court addresses the threshold jurisdictional matters before discovery. There is no advantage to the public interest in proceeding at this point. The general public is unaware of this action, and the matter is not likely to generate public interest. Considering the strain on the taxpayer, the Court would do a disservice to the interests of the public if non-parties and the Defendants are ordered to proceed with needless discovery in pursuit of litigation which is fatally flawed by threshold immunity issues.

16. Because consideration of these factors weigh in Defendants' favor and the staying of discovery and related proceedings is appropriate in this circumstance, discovery should be stayed as discussed *supra*, and any scheduling order or conference should be abated until such a time as this Court rules on their Motion to Dismiss.

### III. CONCLUSION

17. The law allows the staying of discovery and related proceedings while threshold issues are addressed. The instant case is obviously an appropriate one for staying of discovery. Presently, Defendants have raised immunity from suit and Plaintiff's suit is barred under the jurisdictional and pleadings-based defenses asserted in Defendants' Motion to Dismiss. *See generally* ECF 20.

18. As there are no advantages to proceeding with discovery, and Defendants have identified serious disadvantages with respect to the Court, the general public, and Defendants in proceeding, Defendants respectfully ask the Court to stay all proceedings with respect to discovery until their Motion to Dismiss (ECF 20) has been ruled on by this Court. Defendants further pray this Court grant them such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division

/s/  *Cory A. Scanlon*
CORY A. SCANLON
State Bar No. 24104599
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone (512) 463-2120
Facsimile: (512) 320-0667
cory.scanlon@oag.texas.gov
**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I certify that on November 22, 2021, I conferred with Plaintiff's counsel regarding the contents of this motion by phone. Counsel for plaintiff is opposed to the relief sought herein.

/s/ *Cory A. Scanlon*
CORY A. SCANLON
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which automatically provided notice to all counsel of record.

/s/ *Cory A. Scanlon*
CORY A. SCANLON
Assistant Attorney General