IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE,<br>    *Plaintiff,*<br><br>v.<br><br>UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON, UNIVERSITY OF TEXAS BOARD OF REGENTS, MARGARET MCNEESE, in her individual and official capacity, DEANA MOYLAN, in her individual and official capacity, SHEELA LAHOTI, in her individual and official capacity, and DANA MCDOWELLE, in her individual and official capacity,<br>    *Defendants.* | § § § § § § § § § § § § § § § § § | Civil Action No. 4:21-cv-01439 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**

Plaintiff John Doe ("Plaintiff" or "Doe") respectfully submits this opposition to Defendants The University of Texas Health Science Center at Houston ("UT" or the "University"), Margaret McNeese, Deana Moylan, Sheela Lahoti, and Dana McDowelle's Motion to Stay Discovery. (ECF No. 33). Plaintiff submits that a stay pending a decision on Defendants' motion to dismiss is not warranted, as the probable harm that will accrue to Plaintiff should the resolution of this matter be delayed, substantially outweighs any prejudice to Defendants.

### I.    Introduction

1. As noted by Defendants in their moving brief (ECF No. 33), they filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on July 6, 2021. (ECF No. 20). Significantly, Defendants did not request a stay of discovery pending the disposition of such a motion at that time.

1

2. Plaintiff filed his response in opposition to the motion to dismiss on August 13, 2021. (ECF No. 27).

3. Defendants submitted their reply brief on August 20, 2021. (ECF No. 28).

4. Since that time, the parties have initiated and engaged in a first round of document discovery, with both sides submitting their initial requests for production and interrogatories, responding to such demands, and exchanging more than 1,300 documents to date.

5. Since the filing of Defendants' motion to dismiss, the parties have also engaged in expert discovery. Plaintiff disclosed his expert reports on September 13, 2021, and Defendants submitted their rebuttal expert reports on November 9, 2021.

6. On October 4, 2021, the parties filed a joint motion to extend the scheduling order. Within their request, the parties indicated that the "timeline for resolution of the matter is not extended, as the deadlines for docket call, the joint pretrial order, and objections would not be extended pursuant to the requested relief." (ECF No. 29). The court granted the parties' joint motion for an extension of time, revising the remaining discovery deadlines as follows: (i) discovery to be completed by January 14, 2022; (ii) mediation due by February 28, 2022; (iii) dispositive motion filing due by February 28, 2022; (iv) non-dispositive motion filing due by February 28, 2022; (v) objections due by April 9, 2022; (vi) joint pretrial order due by March 26, 2022; and (vii) docket call set for May 27, 2022 at 10:00 a.m.

7. One and a half months later, on November 22, 2021, Defendants filed a motion in which they now seek to stay discovery for the first time, while discovery has already been ongoing for several months.

8. Though Defendants' request for a stay seeks to avoid engaging in further discovery while a decision on their motion to dismiss is pending, the subject motion to dismiss was filed more

than five months ago. As described above, discovery in this matter is already well underway. To impose a stay at this point in the proceedings would only serve to prejudice Plaintiff.

## II. Argument

9. While discovery may be stayed pending the outcome of a motion to dismiss, "the issuance of stay is by no means automatic." *Spencer Trask Software and Information Services, LLC v. RPost International Limited,* 206 F.R.D. 367, 368 (S.D.N.Y.2002), *quoting In re WRT Energy Securities Litigation,* 1996 WL 580930 at *1 (S.D.N.Y. Oct.9, 1996).

10. In fact, as stated by this Court, "[a] stay of discovery to allow the Court to resolve purely legal issues may be warranted in some circumstances, but it is the exception, not the rule." *Boltex Mfg. Co., L.P. v. ULMA Forja, S. Coop,* No. CV H-17-1400, 2017 WL 7798667, at *1 (S.D. Tex. Oct. 24, 2017). It is notable to consider that, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b) (6) would stay discovery, the Rules would contain a provision to that effect." *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.,* No. 3-08-CV-0774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008), citing to *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D.Cal.1990).

11. In exercising its discretion to determine whether a stay is warranted, the court is to examine: (1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay. *Von Drake v. Nat'l Broad. Co.,* No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (internal citations omitted). An evaluation of the foregoing factors militates against the issuance of a stay.

12. First, in regards to the breadth of discovery, the parties are already in the midst of the discovery process, with initial demands having been exchanged, more than 1,300 documents having been produced, and the expert reports of both parties disclosed. While supplemental document demands and productions may occur, the core task remaining for discovery in this matter is conducting depositions of the Plaintiff and defense witnesses. With a considerable portion of

discovery already completed, the breadth of the remaining discovery is not unduly burdensome and does not support the issuance of a stay.

13. Similarly, the burden of responding to the remaining discovery does not weigh in favor of a stay. Though the defense witnesses would be required to appear for depositions, the parties have worked to schedule such depositions sufficiently in advance so as to allow for adequate preparation with respect to schedules and responsibilities.

14. Consideration of additional factors further support denial of Defendants' motion. Specifically, the potential prejudice to Plaintiff in staying discovery substantially outweighs any possible prejudice to Defendants.

15. Should discovery be stayed, in the event the motion to dismiss is denied at a later date, and discovery thereafter resumed, the resolution of this matter would likely proceed past the next residency cycle application deadline, in the fall of 2022.

16. This impending deadline is critical to Plaintiff's ability to match into a residency program.

17. First, Plaintiff's ability to obtain willing and meaningful letter writers from his medical school institution to support his application will decrease the farther away he is from his graduation date, which occurred in spring 2021.

18. Time since graduation is a metric used to flag medical graduates applying to residency programs. Not progressing to clinical training for extended periods of time after graduation from a medical program is considered extremely atypical and will make the Plaintiff's ability to match significantly more difficult.

19. Second, it is more likely than not that if Plaintiff cannot apply to residency in fall 2022, his application will be further jeopardized and his two years of research investment in which he is currently involved will be for naught.

20. Third, Plaintiff's research position will expire in the spring of 2023. If he is not able to apply for residency programs until the fall of 2023 at the earliest, this will leave a significant gap of scholarly and clinical inactivity, which will result in further detriment to Plaintiff's application for residency.

21. Evidently, any delay that will impede Plaintiff's application beyond fall 2022, with the intent of beginning residency in the summer of 2023 (if accepted), will force Plaintiff to postpone his application to the fall 2023, with the intent of beginning residency in the summer of 2024, at the earliest (if accepted). This will constitute a significant and detrimental delay to his career trajectory.

22. Moreover, Plaintiff's desired focus, orthopedic surgery, is one of the most competitive specialties in which medical students attempt to match, and requires exceptional performance in a number of areas including but not limited to research and experience, letters of reference, and United States Medical Licensing Examination scores.

23. The aforementioned issues compounded with the disputed Medical Student Performance Evaluation language that is at issue in this matter, as well as the one semester interruption of Plaintiff's medical school education, will leave Plaintiff at a substantial disadvantage.

24. Consequently, any further delay in Plaintiff's residency application is likely to even further hinder his chances of matching into an orthopedics residency program, and becoming a practicing physician. The potential loss of his career in medicine, which is a near certainty if this matter is not resolved by the fall of 2022, is substantially outweighed by any inconvenience that may be posed to the defense witnesses in having to appear for a deposition.

25. Finally, for the reasons described in his opposition to Defendants' motion to dismiss, Plaintiff believes that his legal claims are adequately established, and he should be permitted to proceed through fact and expert discovery in this matter.

26. Permitting discovery to proceed in accordance with the current scheduling order will neither unduly prejudice nor unduly burden Defendants.

27. The stay should not be implemented merely because Defendants believe they will prevail on their motion to dismiss. *See Glazer's Wholesale Drug Co.* 2008 WL 2930482, at *1.

### III. Conclusion

For the reasons stated above, Defendants' Motion to Stay Discovery should be denied in its entirety, and the Court should order such other relief as deemed just and proper.

Dated: December 13, 2021

Respectfully submitted,

/s/ *Tara J. Davis*

Andrew T. Miltenberg, Esq. *(pro hac vice)*
Tara J. Davis, Esq. *(pro hac vice)*
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
tdavis@nmllplaw.com

Walter Lynch, Esq.
*State Bar No. 24046330*
*Federal ID No. 965265*
Amir Halevy, Esq.
*State Bar No. 24065356*
*Federal ID No. 1259956*
JORDAN, LYNCH & CANCIENNE PLLC
1980 Post Oak Blvd, Suite 2300
Houston, Texas 77056
(713) 955-4021 (direct line)
(713) 955-9644 (facsimile)
wlynch@jlcfirm.com
ahalevy@jlcfirm.com

COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which automatically provided notice to all counsel of record.

/s/ *Tara J. Davis*
TARA J. DAVIS