IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE,<br>    *Plaintiff,*<br><br>v.<br><br>UNIVERSITY OF TEXAS HEALTH<br>SCIENCE CENTER AT HOUSTON,<br>UNIVERSITY OF TEXAS BOARD OF<br>REGENTS, MARGARET MCNEESE, in her<br>individual and official capacity, DEANA<br>MOYLAN, in her individual and official<br>capacity, SHEELA LAHOTI, in her individual<br>and official capacity, and DANA<br>MCDOWELLE, in her individual and official<br>capacity,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:21-cv-01439 |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, The University of Texas Health Science Center at Houston (UTHealth or University); and Margaret McNeese, Deana Moylan, and Dana McDowelle, in their official capacities (the Administrators), file this Original Answer to Plaintiff's Complaint.

### ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in Plaintiff's Complaint except for those expressly admitted herein, including those allegations for which Defendants lack sufficient knowledge or information to admit or deny. The headings and numbered paragraphs below directly correlate to the sections and numbered paragraphs of the Complaint. Those titles and headings are reproduced in this Answer for organizational purposes only, and Defendants do not admit any matter contained therein.

Defendants state that no response is required to the unnumbered introductory statements in

the Complaint. Defendant responds to the specifically numbered allegations of the Complaint as follows:

**NATURE OF THE ACTION**

1.      Paragraph 1 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that Plaintiff was suspended from the medical school for a period of approximately six months. Defendants deny all other allegations in this paragraph.

2.      Defendants admit that Plaintiff and Jane Roe were both students at UTHealth who had been in a relationship since 2018. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

3.      The allegations in this paragraph contain assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that interviews with both Roe and Plaintiff demonstrate that Roe entered Plaintiff's apartment on the night of February 14, 2020, after Defendant had threatened self-harm and while Defendant was intoxicated and holding a firearm. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

4.      Defendants admit that Roe called the police and Plaintiff was arrested and charged with Aggravated Assault – Family Member, and that Roe made a complaint to the University which initiated an investigation.  Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

5.      Paragraph 5 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that Plaintiff was found responsible for dating violence in violation of UTHealth's policy and deny the remaining allegations in this paragraph.

6.      Paragraph 6 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that Plaintiff was presented with the option to waive his right to a hearing on the interim suspension and that Plaintiff requested a hearing on the interim suspension. Defendants deny the remaining allegations in this paragraph.

7.      Paragraph 7 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit the Dean's designee, Dr. Margaret McNeese, ordered a psychiatric evaluation to determine whether and under what conditions Plaintiff could return to school and the appropriate disciplinary action, if any. Defendants deny the remaining allegations in this paragraph.

8.      Paragraph 8 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that Plaintiff was allowed to return to school approximately six months after he was initially suspended. Defendants deny the remaining allegations in this paragraph.

9.      Paragraph 9 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

10.      Paragraph 10 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

11.      Paragraph 11 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

12.      Paragraph 12 contains assertions of law, conclusory statements, or arguments to which

no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

13.     Paragraph 13 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

14.     Paragraph 14 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit Plaintiff was an enrolled student and paid tuition at UTHealth. Defendants deny the remaining allegations in this paragraph.

15.     Paragraph 15 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

16.     Paragraph 16 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

## THE PARTIES

17.     Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, and on that basis deny them.

18.     Defendants admit the allegations in this paragraph.

19.     Defendants admit the allegations in this paragraph.

20.     Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, and on that basis deny them.

21.     Pursuant to the Stipulation of Dismissal of Plaintiff's Claims as to Defendant The University of Texas Board of Regents, ECF 26, the Board of Regents is no longer a defendant to this

lawsuit and no response is required under this paragraph. To the extent this paragraph contains factual allegations requiring a response, Defendants admit the allegations in this paragraph.

22.      Defendants admit the allegations in this paragraph, except that Dr. McNeese is Vice Dean for Admissions and Student Affairs of only the McGovern Medical School.

23.      Defendants admit the allegations in this paragraph.

24.      Pursuant to the Court's Order of December 13, 2021, Sheela Lahoti is no longer a defendant in this lawsuit. ECF 35 at pp. 17–18.

25.      Defendants admit the allegations in this paragraph.

## JURISDICTION AND VENUE

26.      Pursuant to the Court's Order of December 13, 2021, the Court has dismissed all of Plaintiff's claims for damages under Title IX of the Education Amendments of 1972, and it dismissed Plaintiff's Title IX selective-enforcement claim in its entirety. ECF 35. Defendants admit the Court has jurisdiction over Plaintiff's remaining claim for injunctive relief under a Title IX erroneous-outcome theory as to UTHealth. Plaintiff does not assert claims under Texas state law.

27.      Pursuant to the Court's Order of December 13, 2021, the Court has dismissed all claims against UTHealth except for Plaintiff's claim for injunctive relief under a Title IX erroneous-outcome theory. Defendants admit personal jurisdiction under the remaining claim.

28.      Pursuant to the parties' Stipulation of Dismissal of Plaintiff's Claims as to Defendant The University of Texas Board of Regents, The University of Texas Board of Regents is no longer a defendant in this lawsuit. ECF 26.

29.      Pursuant to the Court's Order of December 13, 2021, the Court has dismissed all claims for damages against Defendant McNeese except for Plaintiff's claim for injunctive relief regarding Plaintiff's procedural due process claim. Defendants admit personal jurisdiction under the remaining claim.

30.     Pursuant to the Court's Order of December 13, 2021, the Court has dismissed all claims for damages against Defendant Moylan except for Plaintiff's claim for injunctive relief regarding Plaintiff's procedural due process claim. Defendants admit personal jurisdiction under the remaining claim.

31.     Pursuant to the Court's Order of December 13, 2021, Sheela Lahoti is no longer a defendant in this lawsuit. ECF 35 at pp. 17–18.

32.     Pursuant to the Court's Order of December 13, 2021, the Court has dismissed all claims for damages against Defendant McDowelle except for Plaintiff's claim for injunctive relief regarding Plaintiff's procedural due process claim. Defendants admit personal jurisdiction under the remaining claim.

33.     Defendants admit that venue is proper in the Southern District of Texas, Houston Division. Defendants deny that they contributed to any alleged events or omissions giving rise to Plaintiff's claims.

### I. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

#### A. History of the Dear Colleague Letter

34–49. These paragraphs contain a summary of actions taken by an agency of the federal government, i.e., the Office of Civil Rights for the United States Department of Education, and contain conclusions of law and characterizations of facts to which no response is required. To the extent that a response is required, Defendants deny the allegations and the characterizations of the facts and legal authorities therein, except that Defendants admit that Plaintiff's Complaint purports to raise claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* Defendants deny that any violation of law has occurred. Further, the agency documents referred to by Plaintiff as the "Dear Colleague Letter" and the related agency materials and legal authorities speak for themselves, and Defendants refer the Court to the language of the agency materials and legal

authorities for a complete and accurate statement of their contents.

50.     Paragraph 50 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that the UTHealth sexual misconduct policies are intended to protect its students regardless of the student's gender. Defendants deny the remaining allegations in this paragraph.

51.     Paragraph 51 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny these allegations in their entirety.

**B. Plaintiff applies to, and enrolls at UT Health**

52.     Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, and on that basis deny them.

53.     Defendants admit that Plaintiff earned an undergraduate degree from UCLA and a 3.71 GPA. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

54.     Defendants admit that Plaintiff enrolled at UTHealth in the Fall of 2017 to begin his medical education. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

55.     Paragraph 55 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations and the characterization of the facts and Plaintiff's academic record. Plaintiff's academic record and test results speak for themselves, and Defendants refer the Court to the language of these documents for a complete and accurate statement of their contents. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

56.     Defendants lack sufficient knowledge to admit or deny the allegations in this

paragraph, and on that basis deny them.

57.     Paragraph 57 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, and on that basis deny them.

58.     Paragraph 58 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, and on that basis deny them.

59.     Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, and on that basis deny them.

### C. The night of February 14, 2020

60.     Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, and on that basis deny them.

61.     Defendants admit that, based on witness interviews conducted pursuant to a school investigation, Plaintiff drank alcohol on the evening of February 14, 2020, became intoxicated, and called Roe several times. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

62.     Defendants admit that, based on witness interviews conducted pursuant to a school investigation, Plaintiff was in an extremely intoxicated state and continued to call Roe on the phone, eventually threatening self-harm with the handgun he retrieved from his bedroom and carried while in his living room. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

63.     Paragraph 63 contains assertions of law, conclusory statements, or arguments to which

no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that, based on witness interviews conducted pursuant to a school investigation, Roe entered Plaintiff's apartment using the key he had given to her. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

64. Defendants admit that, based on witness interviews conducted pursuant to a school investigation, Plaintiff sat on his couch with a pistol as Roe entered his apartment and that Plaintiff told Roe to leave while waving his firearm towards the door, to which Roe responded by leaving the apartment. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

65. Defendants admit that, based on witness interviews conducted pursuant to a school investigation, Plaintiff continued to call Roe after forcing her to leave his apartment by waving his gun at her and that he intended to apologize. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

66. Defendants admit that Roe called the police and Plaintiff was arrested and charged with Aggravated Assault – Family Member. Any orders entered by the court or the police speak for themselves, and Defendants refer the Court to those documents for an accurate statement of their contents.

67. Paragraph 67 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that Roe reported Plaintiff's actions to UTHealth and that University police maintained a no-trespass order for the UTHealth campus. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

### D. UT Heath Conducts a Biased Investigation, Depriving Plaintiff of a Hearing and an Appeal

68. Defendants admit the allegations in this paragraph.

69.     Paragraph 69 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

70.     Defendants admit Plaintiff met with Deana Moylan, Margaret McNeese, and Tiffany Obeng for the purpose of conducting an interview, and that Amy Dixon and Matt Hennessey were present as counsel for Defendants and Plaintiff, respectively. Defendants admit that Moylan instructed the parties as to confidentiality, Plaintiff was advised not to contact Roe, and Plaintiff was subject to a no-trespass order for the UTHealth campus. Defendants deny the existence of a "Committee" as defined in Plaintiff's Complaint, and deny the remaining allegations in this paragraph.

71.     Paragraph 71 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit Moylan asked about Plaintiff's nationality and religion in reference to Roe's allegation that Plaintiff said she deserved a "good Arab beating." Defendants deny the remaining allegations in this paragraph.

72.     Paragraph 72 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

73.     Paragraph 73 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

74.     Paragraph 74 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that Dr. McNeese informed Plaintiff she had recused herself as the Title IX

Coordinator for purposes of this investigation. Defendants deny the remaining allegations in this paragraph.

75.     Defendants admit that on February 28, 2020, Tiffany Obeng sent Plaintiff a copy of her notes from Plaintiff's interview and requested that he review and edit the document and return it by March 10, 2020.   Defendants deny the existence of a "Committee" as defined in Plaintiff's Complaint, and deny the remaining allegations in this paragraph.

76.     Defendants admit that McNeese sent Plaintiff an email with an attached letter on March 9, 2020, regarding his interim suspension.   Defendants deny the characterization of the March 9, 2020, email and letter. These documents speak for themselves, and Defendants refer the Court to the language of the email and letter for a complete and accurate statement of their contents.

77.     Defendants lack sufficient knowledge to admit or deny whether the picture UTHealth was given contains Roe or was taken outside of his apartment or whether the letter was written by Roe. Defendants deny the existence of a Title IX "Committee" as defined in Plaintiff's Complaint. Defendants admit the remaining allegations in this paragraph.

78.     Defendants admit the allegations in this paragraph.

79.     Paragraph 79 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that virtual instruction was initiated on March 16, 2020 due to the COVID-19 pandemic. Defendants deny the remaining allegations in this paragraph.

80.     Paragraph 80 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that Hennessey sent a letter complaining about the questions regarding Plaintiff's nationality and that Dixon sent a letter responding to the complaint. Defendants deny the remaining allegations in this paragraph.

81.      Paragraph 81 contains a summary of Plaintiff's retained psychiatric specialist's assessment of Plaintiff. Defendants currently lack sufficient knowledge to admit or deny Dr. Glass's conclusions and qualifications and reserve the right to challenge his future testimony as a fact or expert witness in this case.

82.      Paragraph 82 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that Obeng sent Plaintiff an email on March 26, 2020, inviting him to review the investigation summary, and that a WebEx meeting was held on March 30, 2020 for the purpose of reviewing the investigation summary with Plaintiff. Defendants deny the remaining allegations in this paragraph.

83–85.  Paragraphs 83–85 contain assertions of law, conclusory statements, or arguments to which no response is required. To the extent these paragraphs contain factual allegations requiring a response, Defendants admit that Plaintiff submitted a response to the investigation summary on April 6, 2020.   Defendants also admit that Roe made a number of factual allegations regarding her romantic history with Plaintiff, which they lack sufficient knowledge to either admit or deny, and on that basis, Defendants deny the factual allegations in these paragraphs related to Roe's assertions. Defendants deny  the existence of a "Committee" as defined in Plaintiff's Complaint and deny all remaining allegations in these paragraphs.

86.      Paragraph 86 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit Plaintiff received the Title IX determination on April 15, 2020. Defendants deny the remaining allegations in this paragraph.

87.      Paragraph 87 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response,

Defendants deny the allegations in this paragraph.

88.     Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph and on that basis deny them.

89.     Paragraph 89 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that a grand jury did not indict Plaintiff. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph and on that basis deny them.

90.     Defendants admit Plaintiff was not covered under the University student health insurance plan as of May 1, 2020. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph and on that basis deny them.

**E. The University Forces Plaintiff to Undergo a Psychiatric Evaluation**

91.     Paragraph 91 contains conclusory statements or arguments to which no response is required.   To the extent this paragraph contains factual allegations requiring a response, Defendants admit that Plaintiff's advisor, Hennessey, gave written permission to Dixon on May 14, 2020, to provide a copy of Dr. Glass's report to members of the Office of Admissions and Student Affairs considering Plaintiff's case, and that Dixon subsequently shared the report with those individuals. Defendants deny the remaining allegations in this paragraph.

92.     Defendants admit the allegations in this paragraph.

93.     Paragraph 93 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny lack sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

94.     Paragraph 94 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response,

Defendants admit that Dr. McNeese and Dr Arambula were members of the Texas Medical Board. Defendants deny all remaining allegations in this paragraph.

95.     Defendants admit Hennessey contacted Dixon concerning Dr. Glass's report on May 14, 2020. Defendants deny the remaining allegations in this paragraph.

96.     Defendants admit that Dixon responded to Plaintiff's advisor, Hennessey, on May 18, 2020, that, based on information obtained from Dr. Arambula, it did not appear that that there was any connection to Roe's family.   Defendants admit that Dixon responded on May 20, 2020, stating that another provider would be found to perform the psychiatric evaluation after Hennessey responded on May 19, 2020, that given the stakes involved, he would prefer that another provider be selected.

97.     Defendants deny the existence of a "Committee" as defined in Plaintiff's Complaint. Defendants admit the remaining allegations in this paragraph.

98.     Paragraph 98 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that McNeese responded on June 9, 2020, and stated that Price, Proctor, and Associates had been appointed to perform a full-scale psychometric evaluation. Defendants deny all remaining allegations in this paragraph.

99.     Paragraph 99 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, and on that basis deny them.

100.     Paragraph 100 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, and on that basis deny

them.

101.    Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, and on that basis deny them.

102.    Paragraph 102 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants assert that Plaintiff's test results speak for themselves, and refer the court to the test results for an accurate statement of their contents.   Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, and on that basis deny them.

103.    Defendants admit the allegations in this paragraph.

104.    Paragraph 104 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that Plaintiff emailed McNeese on July 7, 2020, requesting a copy of the psychological evaluation report, and that Dr. McNeese's assistant responded on that same day that the school was planning a call with the providers to get clarification on a few questions.   Defendants deny the remaining allegations in this paragraph.

105.    Defendants admit the allegations in this paragraph.

106.    Paragraph 106 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that the Title IX summary was sent to Price. Defendants deny the remaining allegations in this paragraph.

107.    Paragraph 107 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations and the characterization of the facts and Price's report therein. Dr. Price's report speaks for itself, and Defendants refer the Court to the language of the

report for a complete and accurate statement of its contents.

108.    Defendants deny the allegations in this paragraph.

109.    Defendants deny the allegations and characterization of facts in this paragraph. Defendants assert that the email of July 30, 2020, speaks for itself and refers the Court to the email for an accurate statement of its contents

### F. Plaintiff Returns to Class, but is Denied Crucial Career Accommodations

110.    Paragraph 110 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit a letter was sent to Plaintiff on August 5, 2020, containing the conditions of his   return to his degree program. Defendants deny the allegations and the characterization of the facts and the agreement therein. The letter of August 5, 2020 speaks for itself, and Defendants refer the Court to the language of the letter for a complete and accurate statement of its contents.

111.    Paragraph 111 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit Plaintiff returned to classes on August 10, 2020, with enough time to complete his remaining requirements in May 2021. Defendants deny the remaining allegations in this paragraph.

112.    Defendants deny the allegations in this paragraph.

113.    Defendants admit that McNeese and McDowelle met with Plaintiff over WebEx to explain the MSPE notation. Defendants deny the remaining allegations in this paragraph.

114.    Paragraph 114 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

115.    Paragraph 115 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants

deny the allegations in this paragraph.

116.     Paragraph 116 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

117.     Paragraph 117 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

118.     Defendants admit the allegations in this paragraph except that Defendants deny that "Plaintiff received no response from McNeese or McDowelle."

119.     Defendants admit the allegations in this paragraph.

120.     Defendants admit that Plaintiff emailed Dr. Warth on August 17, 2020. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

121.     Defendants admit that Plaintiff sent Warth an email on August 27, 2020, and that Warth responded on August 28, 2020, stating that he did not have any work for Plaintiff "at the moment". Defendants deny any remaining allegations in this paragraph.

122.     Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, and on that basis deny them.

123.     Paragraph 123 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

124.     Paragraph 124 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

125.     Defendants admit that Plaintiff emailed McNeese and McDowelle on September 24, 2020.  Defendants deny the characterization of the September 24, 2020, email and assert that the email speaks for itself.  Defendants refer the Court to the email for an accurate statement of its contents.   Defendants deny any remaining allegations in this paragraph..

126.     Defendants admit  that Lahoti emailed Plaintiff on September 25, 2020 and Plaintiff emailed Lahoti on October 5, 2020.   Defendants deny the remaining allegations in this paragraph.

127.     Paragraph 127 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that Plaintiff received a proposed order of expunction. Defendants lack sufficient knowledge to admit or deny what the State intends to do regarding Plaintiff's arrest, and on that basis denies those allegations. Defendants deny the remaining allegations in this paragraph.

128.     Paragraph 128 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that Lahoti and McDowelle met with Plaintiff to discuss his residency. Defendants deny the remaining allegations in this paragraph.

129.     Defendants deny the allegations in this paragraph.

130.     Paragraph 130 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that Lahoti discussed Plaintiff's academic file with him. Defendants deny the remaining allegations in this paragraph.

131.     Defendants deny the allegations in this paragraph.

132.     Defendants deny the allegations in this paragraph.

133.     Paragraph 133 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a

response, Defendants admit that Lahoti discussed Plaintiff's academic file with him and his eligibility for the Alpha Omega Alpha Honors Society. Defendants deny the remaining allegations and Plaintiff's characterization of his academic file in this paragraph, and Defendants assert that the academic file speaks for itself and refer the Court to the documents constituting Plaintiff's academic file for an accurate statement of their contents.

134.     Paragraph 134 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

135.     Defendants deny the allegations in this paragraph.

136.     Defendants lack sufficient knowledge to confirm or deny the allegations in this paragraph, and on that basis deny the allegations.

137.     Paragraph 137 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

138.     Defendants lack sufficient knowledge to confirm or deny the allegations in this paragraph, and on that basis deny the allegations.

139.     Paragraph 139 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that UTHealth received Plaintiff's complaint regarding Roe's contact with him on October 23, 2020. Defendants deny the remaining allegations in this paragraph.

140.     Paragraph 140 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants lack sufficient knowledge to confirm or deny the allegations in this paragraph, and on that basis deny the allegations.

141.     Paragraph 141 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit Plaintiff sent a complaint and McDowelle responded to Plaintiff on the dates mentioned. Defendants deny the remaining allegations in this paragraph.

142.     Paragraph 142 contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit Plaintiff was subject to an expunction order regarding his criminal charges.

### G. Despite Receiving an Expunction, the University Marks Plaintiff's MSPE and Forever Marrs Plaintiff's Ability to Obtain Employment

143.     Paragraph 143 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that a meeting was originally scheduled to discuss the MSPE on October 29, 2020, and Plaintiff was asked to sign a statement that Plaintiff understood that any MSPE verbiage discussed was preliminary and may be subject to change. Defendants deny that Plaintiff did not have ample time to review the statement before signing it.

144.     Paragraph 144 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit to receiving an email from Hennessey. Defendants lack sufficient knowledge to admit or deny that Mills told Hennessey that she was not aware of any complaint against Roe, and on that basis deny this allegation. Defendants deny the remaining allegations in this paragraph.

145.     Defendants admit the allegations in this paragraph.

146.     Defendants admit that Plaintiff's advisor sent a letter to Mills on November 7, 2020, regarding Plaintiff's expunction order.  Defendants deny the characterization of the November 7. 2020, letter and refer the Court to the letter itself for an accurate statement of its contents. Defendants

deny any remaining allegations in this paragraph.

147.     Paragraph 147 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that Dixon emailed Hennessey on November 24, 2020, regarding the expunction. Defendants deny the characterization of the November 24, 2020, email and refer the Court to the email itself for an accurate statement of its contents.   Defendants deny any remaining allegations in this paragraph.

148.     Paragraph 148 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants admit that Plaintiff had a meeting with McNeese and McDowelle on December 22, 2020, and that Plaintiff was advised that residency programs might contact McNeese to inquire about the MSPE notation.     Defendants deny the remaining allegations in this paragraph.

149–52.       Paragraphs 149–52 contain conclusory statements or arguments to which no response is required. To the extent these paragraphs contain factual allegations requiring a response, Defendants deny the characterization of the words McNeese spoke and refer to Court to the transcript of this conversation produced in discovery for a complete and accurate account of these statements, which speak for themselves. Defendants deny the remaining allegations in these paragraphs.

153.       Paragraph 153 contains assertions of law, conclusory statements or arguments to which no response is required.   To the extent these paragraphs contain factual allegations requiring a response, Defendants deny the allegations.

II.     **Agreements, Representations, Covenants and Warranties Between Plaintiff and UT Health**

154.     Defendants admit that the Handbook of Operating Procedures policies listed in this paragraph are made available to all students at UTHealth.   Defendants deny the characterization of the content of these policies and refer the court to the policies themselves for an accurate statement of their contents.

155.     Defendants admit the allegations in this paragraph.

156.     Paragraph 156 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

157.     Paragraph 157 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

158.     Defendants admit the allegations in this paragraph.

159.     Paragraph 159 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

160.     Defendants admit that UTHealth utilizes a preponderance of the evidence standard under HOOP 59 and that the quoted language appears in HOOP 59.

161.     Paragraph 161 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

162-63.        Defendants admit the allegations in these paragraphs.

164.     Paragraph 164 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

165.     Defendants admit that the quoted language in Paragraph 165 appears in HOOP 59. Defendants deny any characterization of the Policies as defined in Plaintiff's Complaint, and refer the Court to the policies themselves for an accurate statement of their contents.

166.     Defendants deny the allegations in this paragraph.

167.     Defendants admit the allegations in this paragraph.

168.     Paragraph 168 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

169.     Defendants admit that the language in Paragraph 169 appears in HOOP 186. Defendants deny any characterization of the Policies as defined in Plaintiff's Complaint, and refer the Court to the policies themselves for an accurate statement of their contents.

170.     Paragraph 170 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

171.     Defendants admit that language in Paragraph 171 appears in HOOP 186.   Defendants deny any characterization of the Policies as defined in Plaintiff's Complaint, and refer the Court to the policies themselves for an accurate statement of their contents.

172.     Paragraph 172 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.   .

173.     Defendants admit that language in Paragraph 173 appears in HOOP 186.   Defendants deny any characterization of the Policies as defined in Plaintiff's Complaint, and refer the Court to the policies themselves for an accurate statement of their contents.

174.     Paragraph 174 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

175.     Defendants admit the allegations in this paragraph.

176.     Paragraph 176 contains conclusory statements or arguments to which no response is

required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny the allegations in this paragraph.

177.    Defendants admit that the quoted language appears in HOOP 59.  Paragraph 177 contains conclusory statements or arguments to which no response is required. To the extent this paragraph contains factual allegations requiring a response, Defendants deny remaining the allegations in this paragraph.

### III.    Plaintiff's Damages

178–84.        Paragraphs 178–84 contain conclusory statements or arguments to which no response is required. To the extent these paragraphs contain factual allegations requiring a response, Defendants deny the allegations in these paragraphs.

### AS AND FOR A FIRST CAUSE OF ACTION
### Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.
### Erroneous Outcome
### (Against Defendant UT Health)

185.    Defendants repeat and reaffirm its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

185–98.        Answering the allegations contained in paragraphs 185–97, Defendants deny the allegations except to state that the cited legal authorities and statutes speak for themselves, and Defendants refer the Court to said authorities for a complete and accurate statement of their contents, and further deny that Plaintiff is entitled to the relief requested.

199.    Pursuant to the Court's Order of December 13, 2021, ECF 35, Plaintiff's claims for damages under his Title IX erroneous-outcome theory has been dismissed. Therefore, no response is required to the allegations that Plaintiff is entitled to damages as stated in this paragraph. To the extent that this Paragraph contains any factual allegations requiring a response, Defendants deny the allegations in their entirety and deny that Plaintiff is entitled to the injunctive relief asserted.

## AS AND FOR A SECOND CAUSE OF ACTION
## Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.
## Selective Enforcement
### (Against Defendant UT Health)

200–15.     Pursuant to the Court's Order of December 13, 2021, ECF 35, Plaintiff's

claims under a Title IX selective-enforcement theory have been dismissed in their entirety. Therefore,

no response is required to the allegations contained in these paragraphs. To the extent that these

paragraphs contains any factual allegations requiring a response, Defendants deny the allegations in

their entirety.

## AS AND FOR A THIRD CAUSE OF ACTION
## 42 U.S.C. §1983: Denial of Fourteenth Amendment Procedural Due Process
### (Against All Defendants)

216.     Defendants repeat and reaffirm its answers to each and every allegation contained in

the paragraphs above and incorporate the same herein as though fully set forth.

217–38.     Pursuant to the Court's Order of December 13, 2021, ECF 35, Plaintiff's

claims under 42 U.S.C. § 1983 against UTHealth and Defendant Lahoti were dismissed in their entirety

and only remain against Defendants McNeese, Moylan, and McDowelle in their official capacities.

Accordingly, no response is required to the allegations contained in these paragraphs as to the

dismissed parties. To the extent that these paragraphs contain any factual allegations requiring a

response, Defendants deny the allegations except to state that the cited legal authorities and statutes

speak for themselves, and Defendants refer the Court to said authorities for a complete and accurate

statement of their contents, and further deny that Plaintiff is entitled to the relief requested.

### PRAYER FOR RELIEF

No response is required to the Prayer for Relief. However, to the extent a response is required,

Defendants deny the allegations contained in the Prayer for Relief, and specifically deny that Plaintiff

is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1.  Plaintiff's Complaint fails to state a claim for which relief may be granted.

2.  Plaintiff's claims are barred by sovereign immunity.

3.  Plaintiff's claims are barred by qualified immunity.

4.  Plaintiff's claims are barred by limitations, to the extent applicable

5.  Defendants reserve the right to amend these defenses or raise additional defenses as they become known to Defendants during the development of this case.

Date: December 27, 2021                    Respectfully submitted.

                                           KEN PAXTON
                                           Attorney General of Texas

                                           BRENT WEBSTER
                                           First Assistant Attorney General

                                           GRANT DORFMAN
                                           Deputy First Assistant Attorney General

                                           SHAWN COWLES
                                           Deputy Attorney General for Civil Litigation

                                           THOMAS A. ALBRIGHT
                                           Chief for General Litigation Division

                                           /s/    *Cory A. Scanlon*
                                           CORY A. SCANLON
                                           Attorney-in-Charge
                                           State Bar No. 24104599
                                           Southern District No. 3504922
                                           BENJAMIN S. LYLES
                                           State Bar No. 24094808
                                           Southern District No. 3062156
                                           Assistant Attorneys General
                                           General Litigation Division
                                           Office of the Attorney General
                                           P.O. Box 12548, Capitol Station
                                           Austin, Texas 78711-2548
                                           Telephone (512) 463-2120
                                           Facsimile: (512) 320-0667
                                           cory.scanlon@oag.texas.gov
                                           benjamin.lyles@oag.texas.gov

---

## CERTIFICATE OF FILING AND SERVICE

On December 27, 2021, the undersigned attorney filed the foregoing document with the Clerk of the Court for the Southern District of Texas and served a true and correct copy of the foregoing to counsel below in compliance with the Federal Rules of Civil Procedure.

Andrew T. Miltenberg, Esq.
Tara J. Davis, Esq.
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
tdavis@nmllplaw.com

Amir Halevy, Esq.
Southern District No. ___
JORDAN, LYNCH & CANCIENNE PLLC
1980 Post Oak Blvd, Suite 2300
Houston, Texas 77056
(713) 955-4021 (direct line)
(713) 955-9644 (facsimile)
ahalevy@jlcfirm.com

COUNSEL FOR PLAINTIFF

_/s/ Cory A. Scanlon_____
CORY A. SCANLON
Assistant Attorney General